No. 42     December 30, 2013     331

# IN THE OREGON TAX COURT
## REGULAR DIVISION

CLIFFORD PARSONS, TRUSTEE,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
and Clackamas County Assessor,
*Defendants.*

(TC 5145)

Plaintiff (taxpayer) appealed from a notice of assessment and disqualification as to farm use tax exemption in the Magistrate Division. The matter was then specially designated to the Regular Division. Taxpayer argued that because the notice provided by the assessor did not state the correct reason for the act of the assessor, the notice did not begin any limitations period in respect of an appeal to the tax court. Granting Defendants' cross-motions for summary judgment, the court ruled that the acts and determinations of the type of which taxpayer was notified, whether taxpayer viewed them as correct or not and whether they were ultimately found to be correct or not, must be challenged under ORS 305.275 within the time restrictions of ORS 305.280. As the appeal of taxpayer was taken well beyond the expiration of both dates established under ORS 305.280, the taxpayer's appeal was denied.

Oral argument on cross-motions for summary judgment was held June 26, 2013, in the courtroom of the Oregon Tax Court, Salem.

Christopher K. Robinson, Attorney at Law, Lake Oswego, filed the motion and argued the cause for Plaintiff (taxpayer).

Douglas M. Adair, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant Department of Revenue (the department).

Kathleen J. Rastetter, Assistant County Counsel, Oregon City, filed the cross-motion for Defendant Clackamas County Assessor (the county).

Decision for Defendants rendered December 30, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.  INTRODUCTION

This property tax case is before the court on cross-motions for summary judgment. The tax years at issue are 2008-09 and 2009-10.[1] Plaintiff (taxpayer) complains of actions of the Clackamas County Assessor (the assessor) in an action in which the assessor and the Department of Revenue (the department) are defendants.

## II.  FACTS

The parties have stipulated to the following facts in this case:

(1)  For the tax years 2008-09, 2009-10, 2010-11, and 2011-12 taxpayer owned the property identified by the assessor as Account Numbers 00798097 and 00798168 (the subject property).

(2)  The subject property contains 32.62 acres of farmland which, up to 2008, was zoned as Exclusive Farm Use (EFU) property.

(3)  On or about 2007 taxpayer filed an application to have the subject property annexed into the City of Canby. The application states that the property would be zoned light industrial upon annexation.

(4)  On or about June 20, 2007, the City of Canby passed a resolution annexing the subject property into the City of Canby. Pursuant to the Canby Comprehensive Plan the annexation changed the zoning of the subject property to M-1, light industrial.

(5)  Pursuant to ORS 308A.113, the assessor sent notices (for both accounts) (the notices) to taxpayer on June 5, 2008, informing taxpayer that the subject property would be removed from EFU special assessment.

(6)  The notices inaccurately stated that the reason for disqualification as "due to the discovery that the land is no longer being used as farmland" but referenced ORS 308A.113.

---

[1] Taxpayer initially sought relief for each of the tax years 2008-09 through 2011-12. The parties subsequently came to an accommodation regarding tax years 2010-11 and 2011-12. Thus, this opinion addresses only the 2008-09 and 2009-10 tax years.

(7)    Under ORS 308A.113(1)(b) the assessor was required to change the EFU special assessment of the subject property because it was annexed into the City of Canby and thus became zoned light industrial.

(8)    The notices from the assessor cite ORS 308A.113 and inform taxpayer that he can appeal the decision within 90 days from the postmark date of the notices. The notices state that a new assessed value will be calculated under Measure 50 guidelines for 2008-09.

(9)    Taxpayer did not appeal from the notices within 90 days.

(10)    Once the subject property was removed from special assessment pursuant to ORS 308A.113 the assessor calculated a real market value based on the industrial zoning, and calculated a new maximum assessed value under ORS 308.156, and taxes began to collect on the subject property.

(11)    The increase in value for the subject property reflected on the tax roll for tax years 2008-09 and 2009-10 was the result of the property being assessed as industrial property.

(12)    The assessor did not actually collect any deferred taxes assessed against the subject property. The notices from the assessor informed taxpayer that the taxes would be a notation on the account as a potential tax liability which is not collectable until the property changes to a use inconsistent with farming.

(13)    Taxpayer has not paid any taxes on the subject property after the property was removed from EFU special assessment.

### III.   ISSUES

The issues in this case are:

(1)    Whether taxpayer has timely appealed to this court from action of the assessor; and

(2)    If not, whether this court nonetheless has jurisdiction to consider the matter under ORS 305.288.

## IV.   ANALYSIS

The statutes relevant to the issues in this case are ORS 305.275, ORS 305.280, ORS 305.288, ORS 305.560, and ORS 308A.718.[2]

### A.   *ORS 308A.718*

Taxpayer invokes the provisions of ORS 308A.718, which provide in relevant part:

"(1)   The county assessor shall send notice as provided in this section if land is disqualified under any of the following special assessment programs:

"(a)   Farm use special assessment under ORS 308A.050 to 308A.128.

"* * * * *

"(3)   Within 30 days after the date that land is disqualified from special assessment, the assessor shall notify the taxpayer in writing of the disqualification and shall state the reason for the disqualification.

"(4)   Following receipt of the notification, the taxpayer may appeal the assessor's determination to the Oregon Tax Court within the time and in the manner provided in ORS 305.404 to 305.560.

"(5)(a)   When any land has been granted special assessment under any of the special assessment laws listed in subsection (1) of this section and the land is disqualified from such special assessment, the county assessor shall furnish the owner with a written explanation summarizing:

"(A)   ORS 308A.706(1)(d) (relating to change in special assessment);

"* * * * *

"(C)   The administrative act necessary under ORS 308A.724 to change the property to another classification described in this paragraph; and

"(D)   The imposition of any penalties that would result from the disqualification if no requalification or reclassification

---

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.

is made under one of the other special assessment laws listed in this paragraph.

"(b)   The written explanation required by this subsection shall be given in conjunction either with the notice of disqualification required under this section or with an order or notice of disqualification otherwise provided by law.

"(c)(A)   If no notice of disqualification is required to be made by this section or other provision of law, the written explanation required by this subsection shall be made by the county assessor.

"(B)   A written explanation made under this paragraph shall be made by the assessor within 30 days of the effective date of the disqualification."

Taxpayer argues that because the notice provided by the assessor did not state the correct reason for the act of the assessor, the notice does not begin any limitations period in respect of an appeal to this court.

As to taxpayer's first argument, the matter is one of statutory construction and specifically whether the legislature intended a purported disqualification that was the product of procedural defects or contained substantive errors to be void *ab initio*, or simply voidable. The court is of the opinion that the statute should not be read as taxpayer asserts, that is, as rendering the notice of disqualification provided by the assessor void *ab initio* so as to not start the running of the statute of limitations.[3]

The legislature was undoubtedly aware that notices required by statutes might, in some cases, contain errors in substance or form or be issued after procedural errors had occurred. The legislature could have provided, in ORS 308A.718, that any notice that was not fully in compliance with a statute would not start a statute of limitations otherwise measured from action of the government. It did not do so.

Instead, in subsection (4) of that statute, it provided for the ability of a recipient of a disqualification notice to

---

[3] Neither party has presented the court with any legislative history regarding the legislative intent relating to the statutory provisions.

appeal to this court after receipt of the notification.[4] That appeal can, of course, raise claims both as to the substantive conclusions contained in the notice, the propriety of the form and other content of the notice and any deficiency in the process that preceded issuance of the notice.

## B.  *ORS 305.560*

In this case, the appeal of taxpayer is, in the words of ORS 308A.718, to be "within the time and in the manner provided by ORS 305.404 to 305.560." In that collection of statutes the relevant one is ORS 305.560 which provides in relevant part:

> "(1)(a)  Except for an order, or portion thereof, denying the discretionary waiver of penalty or interest by the Department of Revenue, an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court at its principal office at Salem, Oregon, within the time required under ORS 305.280."

Accordingly, the direction in ORS 308A.718 through reference to ORS 305.560 and through that statute to ORS 305.275 and ORS 305.280, makes the provisions of those statutes the appropriate focus.

## C.  *ORS 305.275*

This statute provides, in relevant part:

> "(1)  Any person may appeal under this subsection to the magistrate division of the Oregon Tax court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:

> "(a)  The person must be aggrieved by and affected by an act, omission, order or determination of:

> "* * * * *

> "(C)  A county assessor or other county official, including but not limited to the denial of a claim for exemption, the denial of special assessment under a special assessment statute, or the denial of a claim for cancellation of assessment.

---

[4] Taxpayer makes no claim that the notice was not received, or that the notice and appeal procedures do not satisfy due process requirements.

"* * * * *

"(2)   Except as otherwise provided by law, any person having a statutory right of appeal under the revenue and tax laws of the state may appeal to the tax court as provided in ORS 305.404 to 305.560."

Taxpayer here had appeal rights either under ORS 305.275(1) or (2). If the appeal is subject to subsection (1), it must be done in compliance with the time limitations of ORS 305.280 and the provisions of ORS 305.560. If the appeal is subject to ORS 305.275(2), that statute requires compliance with ORS 305.560 and the provisions of ORS 305.560 incorporate, in subsection (1)(a), the time limitations of ORS 305.280.

In all events, whether the appeal is under ORS 305.275(1) or (2) the statutes provide for appeals from an "act, omission, order or determination." *See* ORS 305.275(1)(a) (person must be aggrieved by an "act, omission, order or determination") and ORS 305.560(2) (complaint shall state how the plaintiff is aggrieved by the "order, act, omission or determination").

It should be noted that if what taxpayer here is complaining about is the "determination" as to special assessment status of the property, an appeal within the time limits of ORS 305.280 is required. If, on the other hand, the complaint is about the failure of the county assessor to provide the correct explanation for that act, the matter is one of "omission." But that is also one of the predicates to an appeal that must be made within the time limits of ORS 305.280. It is not a reason for taxpayer to take no action and be relieved from the consequences of that choice.

The statutory provisions for appeal from government acts, omissions, determinations or orders serve to clarify that if government takes any action, or fails to take action, or takes action but omits to satisfy statutory requirements in the process of taking action, the taxpayer must bring any deficiency or alleged deficiency to the government's attention within a specified time—that specified in ORS 305.280.

D.   *ORS 305.280*

This statute provides, in relevant part:

"(1)  Except as otherwise provided in this section, an appeal under ORS 305.275 (1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

The requirements of ORS 305.280 are that anyone questioning an act, omission, order or determination do so within 90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year from the date the act or omission occurred, or the order or determination was made. Here the appeal of taxpayer was taken well beyond the expiration of both dates established under ORS 305.280.

The position of taxpayer appears to be that somehow the time periods in ORS 305.280 do not begin to run until a notice in complete compliance with the statutes has been given. Nothing in the language of ORS 305.280 supports that notion. Acts and determinations of the type of which taxpayer was notified, whether taxpayer views them as correct or not and whether they are ultimately found to be correct or not, must be challenged under ORS 305.275 within the time restrictions of ORS 305.280.

The reasons for the conclusions in this opinion are set out in *Nicolynn Properties LLC v. Dept. of Rev.*, 21 OTR 320 (2013), issued this day. That opinion also addresses why many of the cases relied upon by taxpayer here do not support the position taken by taxpayer. The other cases upon which taxpayer relies here are *Smith v. Dept. of Rev.*, 17 OTR 357 (2004) and *Safley v. Jackson County Assessor*, TC-MD 030555E (Jan 28, 2004)(slip op).

In *Smith* the assessor failed to comply with the process required in connection with disqualification of farm land from special assessment. However, the affected taxpayer appealed to this court within the time allowed by statute. Having done so, the taxpayer reaped the benefit of a decision of this court that the purported disqualification

was of no effect. Unlike the taxpayer in *Smith*, taxpayer here did not appeal within the time allowed and nothing in *Smith* suggests that this failure is without preclusive consequence.

*Safley* was a decision of a magistrate in a case involving certain defects in the process followed by an assessor in connection with disqualification of property from special use assessment. The decision concluded that the defects were such that the statutory appeal period did not apply. The decision was highly conclusory on this question and did not discuss whether it was based on constitutional defects, estoppel, or some other basis. In addition, the defects of the notice in *Safley* were of sufficiently greater magnitude than those here. *Safley* is not a decision that this court considers helpful or persuasive.

E.   *ORS 305.288*

Where there is no statutory right of appeal for a taxpayer in respect of an allegedly incorrect separate assessment of property, relief may be available under the provisions of ORS 305.288. In this case relief, if any, would have to come under ORS 305.288(3), which provides in relevant part:

> "(3)   The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal.

> "* * * * *

> "(5)   For the purposes of this section:

> "(a)   'Current tax year' has the meaning given the term under ORS 306.115."

In turn, ORS 306.115 provides, in relevant part:

> "(5)   For purposes of this section, 'current tax year' means the tax year in which the need for the change or correction is brought to the attention of the department."

Under these provisions, the years open for potential review by this court are determined by taking the year in which the appeal was taken as being the "current year." That year was the 2012-13 year because the appeal was filed after July 1, 2012, and before June 30, 2013. Counting back from that "current year," the years potentially open for review are the 2010-11 and 2011-12 tax years. The years which taxpayer seeks to have this court review lie beyond that time limit and the court has no jurisdiction over the complaint.

## V.   CONCLUSION

For the reasons set forth above, the cross-motion of the county is granted and the motion of taxpayer is denied. Now, therefore,

IT IS ORDERED that Defendants' Cross-Motions for Summary Judgment are granted; and

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.