IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| QUINES CREEK GENERAL STORE and DAE WOONG KIM, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 140402N |
| v. | ) ) | |
| DOUGLAS COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL** |

This Final Decision of Dismissal incorporates the court's Decision of Dismissal, entered March 12, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 16 C(1). Plaintiffs filed a letter on March 25, 2015, which the court construes as a motion for reconsideration and addresses in section III below.

This matter is before the court on Defendant's Answer & Motion to Dismiss (Motion), filed November 17, 2014, requesting that the Complaint be dismissed as untimely. Plaintiffs' Complaint, filed October 29, 2014, appealed the 2011-12 and 2012-13 assessments of personal property identified as Account P137946 (subject property). The court's Order, filed January 26, 2015, allowed 14 days from the date of the Order for Plaintiffs to file a response to Defendant's Motion and 14 days from the date of Plaintiffs' response for Defendant to file a reply. Plaintiffs filed their response on February 2, 2015. Defendant did not file a reply.

I. STATEMENT OF FACTS

Plaintiffs appeal the 2011-12 and 2012-13 assessments of the subject property because they "didn't do the business at that location for that tax period. We shut down May 27, 2011 * * *." (Ptfs' Compl at 2.) Plaintiffs attached the subject property's 2011-12 and 2012-13

personal property tax statements to their Complaint. (*Id*. at 4-5.) Plaintiffs also attached a Notice of Delinquent Property Taxes dated December 4, 2012, that referenced both the 2011-12 and 2013-14 tax years. (*Id*. at 6.) Plaintiffs requested that property taxes imposed for the 2011-12 and 2012-13 tax years be "released." (*Id*. at 2.) Plaintiffs further requested the refund of $305.58 paid to Defendant by "mistake" on July 5, 2013. (*Id*. at 2-3.) Defendant moved to dismiss the Complaint as untimely. (Ans & Mot Dismiss at 1.)

## II. ANALYSIS

The issue is whether to grant Defendant's Motion to Dismiss Plaintiffs' appeal as untimely. Time limits for appeals to the Magistrate Division are set by ORS 305.280.[1] Additionally, the court has jurisdiction under ORS 305.288(3) to consider changes to tax and assessment roll values up to two years prior to the current tax year where a taxpayer has "good and sufficient cause" for not timely appealing.

A.      *Timeliness Under ORS 305.280*

Generally, the time limit for appeals to the Magistrate Division is set by ORS 305.280. Subject to exceptions not applicable here, "an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination becomes actually known to the person, but *in no event later than one year after the act or omission has occurred*, or the order or determination has been made." ORS 305.280(1) (emphasis added).

Each year, county assessors are required to complete their assessments of property taxes no later than September 25, and tax collectors are required to mail out tax statements no later than October 25. *See* ORS 308.242; ORS 311.250; *see generally Multnomah County Assessor v. Portland Devel. Comm*., 20 OTR 395, 396-97 (2011) (summarizing "annual and inexorable

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

process" of assessing property taxes).  Property tax statements for the 2011-12 tax year were, therefore, required to be mailed by October 25, 2011, and statements for the 2012-13 tax year were required to be mailed by October 25, 2012.

The party seeking affirmative relief has the burden of proof, and "the burden of going forward with the evidence" shifts in tax matters as in other civil litigation.  ORS 305.427.  A motion to dismiss may be granted where the materials submitted by a taxpayer show that the taxpayer's appeal was untimely under ORS 305.280.  *See Dept. of Rev. v. Clark*, 17 OTR 218, 223 (2003) ("[t]axpayer's own materials submitted thus far to the court make clear he did not appeal the withholding actions of the department in a timely fashion").

Here, the documents provided by Plaintiffs indicate that Plaintiffs' appeal was untimely. Plaintiffs' Complaint was filed October 29, 2014.  Plaintiffs have neither alleged nor provided any evidence that Defendant failed to assess the subject property by September 25 of each tax year.  *Cf.* ORS 308.242.  To the contrary, Plaintiffs attached to their Complaint a Notice of Delinquent Property Taxes dated December 4, 2012, which stated amounts owing for both tax years under appeal.  Plaintiffs' appeal was filed more than one year after property tax statements were issued for the 2011-12 and 2012-13 tax years, and more than one year after the Notice of Delinquent Property Taxes sent on December 4, 2012.  Therefore, Plaintiffs' Complaint is time-barred under ORS 305.280(1).

B.      *Good and Sufficient Cause Under ORS 305.288(3)*

Where a taxpayer has no statutory right of appeal remaining, the court may order a change or correction to the tax roll "for the current tax year and for either of the two tax years immediately preceding the current tax year if * * * the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of

appeal." ORS 305.288(3).[2] The "current tax year" is the tax year in which the appeal was filed. *Clifford Parsons, Trustee v. Dept. of Rev.*, 21 OTR 331, 340 (2013). The court lacks jurisdiction to consider appeals of tax years more than two years prior to the current year. *Id*.

Here, because Plaintiffs' Complaint was filed October 29, 2014, the current tax year is 2014-15. The court's jurisdiction to order changes to the assessment roll could extend backward to the 2013-14 and 2012-13 tax years, but not to the 2011-12 tax year. Therefore, the court lacks jurisdiction to consider Plaintiffs' appeal of the 2011-12 tax year.

In order for the court to consider Plaintiffs' appeal for the 2012-13 tax year, Plaintiffs would have to establish that "good and sufficient cause exists" for their failure to timely pursue the statutory right of appeal for the 2012-13 tax year. ORS 305.288(3). Neither Plaintiffs' Complaint nor their response to Defendant's Motion alleged any cause for Plaintiffs' failure to timely appeal for the 2012-13 tax year. Plaintiffs have not submitted any evidence pertaining to their reasons for not timely pursuing their right of appeal for the 2012-13 tax year. As a result, the court may not consider Plaintiffs' appeal for the 2012-13 tax year under ORS 305.288(3).

### III. MOTION FOR RECONSIDERATION

Under Tax Court Rule - Magistrate Division (TCR-MD) 18 C, motions for reconsideration are not accepted in the Magistrate Division:

> "Following issuance of a decision, final decision, or judgment, the court will not accept motions for reconsideration or to reopen the record; therefore, the provisions of TCR 80 are inapplicable in the Magistrate Division."

TCR-MD 18 C. Therefore, Plaintiffs' motion for reconsideration must be denied.

/ / /

---

[2] Under ORS 305.288(1), the court may correct the assessment and tax roll where the real market value of residential property has been overvalued by more than 20 percent. Because Plaintiffs appeal the assessment of personal property, ORS 305.288(1) is inapplicable here.

### III.  CONCLUSION

Plaintiffs' appeal was not timely filed under ORS 305.280(1).  Plaintiffs' appeal of the 2011-12 tax year is beyond this court's jurisdiction under ORS 305.288(3).  Plaintiffs have not identified "good and sufficient cause" for their failure to timely pursue the statutory right of appeal for the 2012-13 tax year.  As a result, the court may not consider Plaintiffs' appeal for the 2012-13 tax year under ORS 305.288(3).  The court concludes that Defendant's Motion to Dismiss must be granted.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed.

IT IS FURTHER DECIDED that Plaintiffs' motion for reconsideration, filed March 25, 2015, is denied.

Dated this ____ day of April 2014.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the final decision of dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This Final Decision of Dismissal was signed by Magistrate Allison R. Boomer on April 8, 2015.  The Court filed and entered this Final Decision of Dismissal on April 8, 2015.*