IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| HARJINDERJIT SINGH and HARMINDER KAUR, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 150354N |
| v. | ) ) ) | |
| MARION COUNTY ASSESSOR, | ) ) ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL** |

This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered September 1, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. See TCR MD 16 C(1).

This matter is before the court on Defendant's motion to dismiss (motion) contained in its Answer filed on July 20, 2015, requesting that Plaintiffs' Complaint be dismissed for lack of jurisdiction under ORS 305.288. Plaintiffs appeal the roll value of personal property, identified as `Account P119035 (subject property), for the 2010-11 through 2013-14 tax years. At a case management conference held on August 5, 2015, the parties agreed to a briefing schedule on Defendant's motion. Plaintiffs agreed file a written response to the motion by August 17, 2015. Defendant agreed to file its reply to Plaintiffs' response by August 27, 2015. The court received a letter from Plaintiffs on August 19, 2015.[1] Defendant filed a reply renewing its motion on August 24, 2015. This matter is now ready for the court's determination.

/ / /

---

[1] Plaintiffs did not provide proof of service of their letter on Defendant, as required by Tax Court Rule-Magistrate Division 5. However, Defendant acknowledged receipt of Plaintiffs' letter in its reply.

# I. STATEMENT OF FACTS

Plaintiffs filed their Complaint on June 22, 2015, requesting a real market value of $16,706.23. (Ptfs' Compl at 1.) Plaintiffs attached a "Notice of Delinquent Property Taxes" showing that the balance of property taxes due on the subject property in the amount of $16,706.23.[2] (*Id.*) Defendant filed its motion requesting that Plaintiffs' appeal be dismissed for lack of jurisdiction under ORS 305.288. (Def's An at 1.) Defendant also raised a claim preclusion argument, attaching copies of this court's Decisions relating to the subject property that were entered in 2013 and 2011. (*Id.* at 1-2; *see also Id.,* Ex A, B.)

In their letter, Plaintiffs stated that, after they obtained the subject property, they discovered that it was not functional and required extensive repairs and alterations. (Ptfs' Ltr at 1, Aug 19, 2015.) Plaintiffs removed parts of the equipment. (*Id.*) Plaintiffs asked the court to reconsider the amount of taxes. (*Id.*) Plaintiffs' letter did not discuss the jurisdictional issue raised in Defendant's motion. (*See id.*) In reply, Defendant renewed its motion.

# II. ANALYSIS

The issue is whether the court has jurisdiction to consider Plaintiffs' appeal for the 2010-11 through 2013-14 tax years.

A.      *Property Tax Appeals, Generally*

In most cases, the first step for a taxpayer to challenge the real market value assigned to its property is to file a petition with the local county board of property tax appeal (BOPTA), no later than December 31 of the current year. *See* ORS 309.100.[3] A taxpayer who is dissatisfied with the BOPTA order may then appeal to this court under ORS 305.275 within 30 days of the

---

[2] The court notes that Plaintiffs' requested real market value and the amount of property taxes due are the same amount, suggesting that Plaintiffs may be asking for a reduction in taxes owed rather than a reduction in real market value.

[3] All references to the Oregon Revised Statutes (ORS) are to 2013.

date of the Order.  *See* ORS 305.275(3) (providing that an appeal to the magistrate division is an appeal "from an order of the board"); ORS 305.280(4).  Plaintiffs have not shown that they appealed the real market value of the subject property to BOPTA, or followed the appeals process provided by ORS 305.275 for any of the tax years at issue.

B.      *Appeal Under ORS 305.288*

In limited circumstances the court will consider an appeal of real market value even if the taxpayer failed to file a petition with BOPTA or failed to timely appeal a BOPTA order to this court.  There is no evidence that Plaintiffs ever filed a petition with BOPTA for the subject property for any of the tax years appealed.  Thus the court must determine whether Plaintiffs' appeal meets the requirements of ORS 305.288.

ORS 305.288(1) requires that "the property was or is used primarily as a dwelling."  The subject property is personal property.  Plaintiffs' appeal does not meet the requirements under ORS 305.288(1).  ORS 305.288(3) provides that "the tax court may order a change or correction * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines good and sufficient cause exists for failure by * * * taxpayer to pursue the statutory right of appeal."  ORS 305.288(5)(b) provides the applicable definition of "good and sufficient cause":

> "(A) * * * an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

The "current tax year" is the tax year in which the appeal was filed.  *Clifford Parsons,*

*Trustee v. Dept. of Rev.,* 21 OTR 331, 340 (2013). The court lacks jurisdiction to consider appeals of tax years more than two years prior to the current tax year. *Id.* Here, because Plaintiffs' Complaint was filed on June 22, 2014, the "current tax year" is 2014-15. The court's jurisdiction to order changes to the tax roll is limited to the 2012-13 and 2013-14 tax years, which are the prior two tax years. The court lacks jurisdiction to consider Plaintiffs appeal of the 2010-11 and 2011-12 tax years.

In order to consider Plaintiffs' appeal of the 2012-13 and 2013-14 tax years, Plaintiffs must establish that they had "good and sufficient cause" for failing to timely pursue their statutory right of appeal for those tax years. Plaintiffs have not submitted any evidence pertaining to their reasons for not timely pursuing their appeal for either the 2012-13 or 2013-14 tax years. The court may not consider Plaintiffs' appeal for the 2012-13 and 2013-14 tax years under ORS 305.288(3).[4]

## I. CONCLUSION

Plaintiff's appeal of the 2010-2011 and 2011-12 tax years are beyond this court's jurisdiction under ORS 305.288(3). Plaintiffs have not identified "good and sufficient cause" for their failure to pursue their statutory right of appeal for the 2012-13 and 2013-14 tax years. The court concludes the Defendant's motion must be granted and Plaintiffs' Complaint must be dismissed. Now, therefore,

/ / /

/ / /

/ / /

---

[4] The court has decided that it has no jurisdiction to consider Plaintiffs' appeal under ORS 305.288. Having decided the matter on jurisdictional grounds, the court does not find it is necessary to consider Defendant's claim preclusion argument.

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

Plaintiffs' Complaint is dismissed.

Dated this ____ day of September 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on September 18, 2015.*