IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NAOMI KELLEY,                              )
                                          )
              Plaintiff,                  )    TC-MD 150054N
                                          )
       v.                                 )
                                          )
YAMHILL COUNTY ASSESSOR,                  )
                                          )
              Defendant.                  )    **FINAL DECISION**

       This Final Decision incorporates without change the court's Decision, entered

October 15, 2015.  The court did not receive a statement of costs and disbursements within 14

days after its Decision was entered.  *See* TCR-MD 16 C(1).

       Plaintiff appealed Defendant's denial of her request to place property identified as

Account 229666 into farm use special assessment for tax years 1999–2000 through 2014–15.[1]

The court granted Defendant's motion to dismiss Plaintiff's appeal of tax years 1999–2000

through 2013–14 in its Order of August 13, 2015, which is attached and incorporated herein.

Defendant filed its Resolution of the Issue on October 13, 2015, stating:

       "[Defendant] changes the denial of the Plaintiff's request for Farm Use
       Deferral.  In that a notice of denial was sent to the Plaintiff, dated January 27,
       2015 for 47.48 acres.  Given the additional evidence, [Defendant] has changed
       this denial to an acceptance of the request for Farm Use Deferral to include the
       2014–2015 and 2015–2016 Tax year."

The 2014–15 tax year is the only remaining tax year under appeal.  Because Defendant has

agreed to provide Plaintiff with the relief she requested for the 2014–15 tax year, this case is

ready for decision.  Now, therefore,

---

[1] Plaintiff's Complaint stated the tax years appealed were "1999–2014."  The court interprets those dates to include the 1999–2000 through 2014–15 tax years.

IT IS THE DECISION OF THIS COURT that, as requested by Plaintiff and agreed by Defendant, Plaintiff's request for farm use special assessment of the property identified as Account 229666 is granted for the 2014–15 tax year.

IT IS FURTHER DECIDED that Plaintiff's appeal of tax years 1999–2000 through 2014–15 is dismissed.

Dated this ___ day of November 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on November 4, 2015.*

IN THE OREGON TAX COURT
MAGISTRATE DIVISION
P Tax

NAOMI KELLEY,                           )
                                        )
              Plaintiff,                )    TC-MD 150054N
                                        )
       v.                               )
                                        )
,                                       )
                                        )
              Defendant.                )    **ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiff's appeal of "the 1999-2013 years * * * due to lack of filing timely." (Def's Ans at 1.)

A.     *Procedural History*

Plaintiff filed her Complaint on March 2, 2015, appealing the "1999-2014" tax years. (Ptf's Compl at 1.) She attached a January 27, 2015, letter from Defendant denying her application for farm use special assessment. (*Id.* at 3.) She also provided 2008-09 and 2009-10 property tax statements for property identified as Account 229666 (subject property). (Ptf's Ltr at 3-4, Mar 27, 2015). During the case management conference held on June 4, 2015, Plaintiff explained that the subject property had been disqualified from farm use special assessment in 2009 and she wished to challenge that disqualification. Defendant agreed to file a written explanation of the legal authority supporting its motion to dismiss and Plaintiff agreed to file a written response. Defendant filed its "Statement to Make More Definite and Certain" (Statement) on June 11, 2015. Plaintiff filed her written response on August 3, 2015. This matter is now ready for the court's determination.

/ / /

/ / /

B.      *Defendant's Motion to Dismiss Plaintiff's Appeal of the "1999-2013" Tax Years*

In its Statement, Defendant clarified that it sought dismissal of Plaintiff's "1999-2013" appeal pursuant to ORS 305.280(1),[2] which states in pertinent part,

> "Except as otherwise provided in this section, an appeal under ORS 305.275(1) or (2) shall be filed within 90 days after the act, omission, order or determination because actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

Defendant asserted that "an official notice of special assessment disqualification for 47.478 acres was sent to the owner of record on July 8, 2009." (Def's Statement at 2.) Defendant attached a copy of that notice, which was addressed to "The Mishler Family LLC, 38561 SW Tindle Creek Rd, Willamina OR 97396." (*Id.* at Attachment A.) The notice stated that 47.478 acres of the subject property had been disqualified from exclusive farm use special assessment under ORS 308A.718 and 308A.724 because it was "no longer in a qualifying use * * *." (*Id.*) The notice further stated that "[t]he potential additional taxes for farm use disqualifications will be deferred under ORS 308A.706(1)(a) when farmland becomes idle and does not change to a different special assessment." (*Id.*) The notice explained that an appeal could be taken to the Magistrate Division of the Oregon Tax Court "within 90 days of receipt of [the] notice in accordance with ORS 305.275 and ORS 305.280 * * *." (*Id.*)

Plaintiff responded that she "did not receive notification of the July 8, 2009, special assessment disqualification letter * * *." (Ptf's Ltr at 1, Aug 3, 3015.) Plaintiff explained that her father owned and farmed the subject property until he passed away in 2007, then her brother owned and farmed the subject property until he passed away in 2008. (*Id.*) She wrote that her "husband began clearing the upper terraced fields in 2010, but heart surgery interrupted his work.

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

After his stroke, in 2012, as he recuperated in 2013 and 2014, he again began preparing the 47.478 acres for cultivation." (*Id.* at 2.) Plaintiff asserted that she and her husband "realized [they] could harvest a marketable crop from the apple, cherry, maple and pear hardwoods that were growing" on the subject property and they "began selling the hardwood to a local chip distributor" in 2014. (*Id.*) Plaintiff argued that "it is logical that its growth rate on 47. 478 acres should also be considered as a maturing crop in the 2009 time period." (*Id.*) Accordingly, she argued that the subject property "was erroneously removed from farm deferral in 2009" and requested that "farm deferral status for the 47. 478 acres be reinstated." (*Id.*)

C.      *Timeliness of Plaintiff's Appeal under ORS 305.280*

"Any land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128, unless disqualified under other provisions of law." ORS 308A.062(1). "Land within an exclusive farm use zone shall be disqualified from special assessment under ORS 308A.062 by * * * [r]emoval of the special assessment by the assessor upon the discovery that the land is no longer being used as farmland[.]" ORS 308A.113(1)(a). The county assessor must provide the taxpayer with written notification within 30 days of the date that land is disqualified from farm use special assessment. ORS 308A.718(1)(a), (3). "Following receipt of the notification, the taxpayer may appeal the assessor's determination to the Oregon Tax Court within the time and in the matter provided in ORS 305.404 to 305.560." ORS 308A.718(4).

ORS 305.560(1)(a) states that, subject to an exception not applicable here, "an appeal under ORS 305.275 may be taken by filing a complaint with the clerk of the Oregon Tax Court * * * within the time required under ORS 305.280." ORS 305.275(1)(a)(B) authorizes an appeal to the Magistrate Division by "any person" who is "aggrieved by and affected by an act,

omission, order or determination of * * * [a] county assessor * * * including but not limited to * * * the denial of special assessment under a special assessment statute." ORS 305.280(1), quoted above, provides the applicable time for appeal: "within 90 days after the act, omission, order or determination because actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made."

Plaintiff challenges Defendant's disqualification of 47. 478 acres of the subject property from farm use special assessment in 2009. The disqualification letter was mailed to "The Mishler Family LLC" on July 8, 2009. Plaintiff asserted that she did not receive the disqualification letter, and that may well be the case given the changes in the subject property's ownership between 2007 and 2010. Nevertheless, ORS 305.280(1) requires an appeal to be filed "*in no event later than one year after*" the disqualification. (Emphasis added.) Plaintiff's appeal was filed in 2015, well beyond one year from the date of the disqualification. Plaintiff's appeal was not, therefore, timely filed under ORS 305.280(1).

D.      *The Court's Jurisdiction Under ORS 305.288*

"Where there is no statutory right of appeal for a taxpayer in respect of an allegedly incorrect separate assessment of property, relief may be available under the provisions of ORS 305.288." *Parsons v. Clackamas County Assessor*, 21 OTR 331, 339 (2013) (considering whether the court could consider taxpayer's untimely appeal of a disqualification of property from farm use special assessment under ORS 305.288). Under ORS 305.288(3),

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

Plaintiff challenges Defendant's disqualification of the subject property from farm use special assessment for the 2010-11 tax year.[3] Under ORS 305.288(3), the court may order a change only for "the current tax year and for either of the two tax years immediately preceding the current tax year." Plaintiff filed her Complaint in March 2015, which falls during the 2014-15 tax year. Thus, the court may order a change only for the 2012-13, 2013-14, or 2014-15 tax years. The court may *not* order a change for the 2010-11 tax year, even if the court found that Plaintiff demonstrated "good and sufficient cause" for failing to pursue the statutory right of appeal. Based on the foregoing, the court concludes that it lacks jurisdiction under ORS 305.288 to consider Plaintiff's appeal of Defendant's 2009 disqualification.

In her Complaint, Plaintiff challenged the "1999-2013" tax years. Plaintiff presented no evidence of any "act, omission, order or determination" by Defendant in any of those years other than the 2009 disqualification notice, which was effective for the 2010-11 tax year. Having concluded that Plaintiff did not timely appeal Defendant's 2009 disqualification and that the court does not otherwise have jurisdiction to consider Plaintiff's appeal of the disqualification under ORS 305.288(3), the court concludes that Defendant's motion to dismiss Plaintiff's appeal of the "1999-2013" tax years should be granted.

E.    *Plaintiff's Appeal of the 2014-15 Tax Year*

During the case management conference held on June 4, 2015, Defendant agreed that Plaintiff had timely appealed from Defendant's January 27, 2015, denial letter. The parties agreed to schedule trial on that issue for October 19, 2015. The parties further agreed that

---

[3] Defendant's disqualification notice did not identify the tax year for which the disqualification was effective. OAR 150-308A.062(2)(b) states that "[f]arm use disqualifications take effect July 1 following the disqualification." Here, the disqualification letter was sent on July 8, 2009. Thus, the disqualification was effective as of July 1, 2010, which is the beginning of the 2010-11 tax year. *See* ORS 308.007(1)(b).

exhibits must be postmarked no later than October 5, 2015, or physically received no later than October 9, 2015. *See* Tax Court Rule-Magistrate Division (TCR-MD) 12 C(1)(a). The parties further agreed to submit written stipulated facts prior to trial, if possible. Now, therefore,

IT IS ORDERED that Defendant's motion to dismiss Plaintiff's appeal of the "1999-2013" tax years is granted.

IT IS FURTHER ORDERED that Plaintiff's appeal of Defendant's January 27, 2015, denial letter is properly before the court. That issue is set for trial on October 19, 2015.

Dated this ___ day of August 2015.

 

 

ALLISON R. BOOMER
MAGISTRATE

 

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*