IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PAUL SALZINGER )
and MARY SALZINGER, )
)
Plaintiffs, ) TC-MD 150526R
)
v. )
)
WASHINGTON COUNTY ASSESSOR, )
)
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered March 9, 2016. The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered. *See*

TCR-MD 16 C(1).

This matter is before the court on Defendant's motion to dismiss (motion) contained in its

Answer filed on January 27, 2016, requesting that Plaintiffs' Complaint be dismissed for lack of

jurisdiction under ORS 305.288.[1]

Plaintiffs appeal the Real Market Value of real property, identified as Account R2050184

(subject property), for the 2003-04 through 2014-15 tax years. At a case management

conference held on February 11, 2016, the parties agreed to a briefing schedule on Defendant's

motion. Plaintiffs agreed to file a written response to the motion by February 26, 2016.

Defendant agreed to file its reply to Plaintiff's response by March 4, 2016. The court issued an

Order on February 12, 2016, memorializing that agreement and warning that Plaintiffs' failure to

comply might result in dismissal of Plaintiffs' appeal. (Or at 1.) The court has not received

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2015 edition.

responses from either party as of the date of this Decision of Dismissal. The matter is now ready for the court's determination.

## I. STATEMENT OF FACTS

Plaintiffs filed their Complaint on December 28, 2015, requesting a refund of property tax overpayments from 2003-04 through 2014-15 tax years in the amount of $10,469.69. (Compl at 1.) In their Complaint, Plaintiffs stated they have been paying taxes on the subject property, a vacant lot, that was "zoned" as "buildable" but was later determined not buildable due to a zoning restriction. (*Id*. at 2.) Defendant issued Plaintiffs a refund for the 2015-16 tax year based on a correction to the assessment for that year. Plaintiffs seek a refund of property tax payments going back to 2003-04 based on the 2014-15 assessment correction. (*Id*.)

Defendant filed its motion requesting that Plaintiffs' appeal be dismissed for lack of jurisdiction under ORS 305.288. (Def's Answer at 1.) Defendant asserted in its Answer that Plaintiffs' "unimproved lot does not meet the necessary criteria for appeal under ORS 305.288 (Gross Error or Good and Sufficient Cause.)" (*Id*.)

## II. ANALYSIS

The issue is whether the court has jurisdiction to consider Plaintiffs' appeal for the 2003-04 through 2014-15 tax years.

A.      *Property Tax Appeals, Generally*

In most cases, the first step for a taxpayer to challenge the real market value assigned to its property is to file a petition with the local county board of property tax appeal (BOPTA), no later than December 31 of the current year. *See* ORS 309.100. A taxpayer who is dissatisfied with the BOPTA order may then appeal to this court under ORS 305.275 within 30 days of the date of the Order. *See* ORS 305.275(3) (providing that an appeal to the magistrate division is an

appeal "from an order of the board"); ORS 305.280(4). Plaintiffs have not shown that they appealed the real market value of the subject property to BOPTA, or followed the appeals process provided by ORS 305.275 for any of the tax years at issue.

B.      *Appeal Under ORS 305.288*

In limited circumstances, the court may consider an appeal of real market value even if the taxpayer failed to file a petition with BOPTA or failed to timely appeal a BOPTA order to this court. There is no evidence that Plaintiffs ever filed a petition with BOPTA for the subject property for any of the tax years appealed. Thus, the court must determine whether Plaintiffs' appeal meets the requirements of ORS 305.288.

ORS 305.288(1) requires that "the property was or is used primarily as a dwelling." The subject property is an unimproved lot. Plaintiffs' appeal does not meet the requirements under ORS 305.288(1). ORS 305.288(3) provides that "the tax court may order a change or correction * * * for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines good and sufficient cause exists for the failure by * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(5)(b) provides the applicable definition of "good and sufficient cause":

> "(A) * * * an extraordinary circumstance that is beyond the control of the
> taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer,
> agent or representative to fail to pursue the statutory right of appeal; and
> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or
> reliance on misleading information provided by any person except an authorized
> tax official providing the relevant misleading information."

The "current tax year" is the tax year in which the appeal was filed. *Clifford Parsons, Trustee v. Dept. of Rev.,* 21 OTR 331, 340 (2013). The court lacks jurisdiction to consider appeals of tax years more than two years prior to the current tax year. *Id*. Here, because

Plaintiffs' Complaint was filed on December 28, 2015, the "current tax year" is 2014-15. The court's jurisdiction to order changes to the tax roll is limited to the 2012-13 through 2014-15 tax years, which are the current plus prior two tax years. The court lacks jurisdiction to consider Plaintiffs appeal of the 2003-04 through 2011-12 tax years. Accordingly, the court must dismiss Plaintiffs' appeal of the 2003-04 through 2011-12 tax years.

In order for the court to consider Plaintiffs' appeal of the 2012-13 through 2014-15 tax years, Plaintiffs must establish that they had "good and sufficient cause" for failing to timely pursue their statutory right of appeal for those tax years. Plaintiffs have not submitted any evidence pertaining to their reasons for not timely pursuing their appeal for either year other than their assertion of a mistaken belief that subject property was "buildable." Plaintiff's error does not rise to the level of good and sufficient cause for their failure to pursue their statutory right to appeal to BOPTA. The court may not consider Plaintiffs' appeal for the 2012-13 through 2014-15 tax years under ORS 305.288(3). Plaintiffs' appeal of the 2012-13 through 2014-15 tax years is dismissed.

CONCLUSION

Plaintiff's appeal of the 2003-04 and 2011-12 tax years are beyond this court's jurisdiction under ORS 305.288(3). Plaintiffs have not identified "good and sufficient cause" for their failure to pursue their statutory right of appeal for the 2012-13 through 2014-15 tax years. The court concludes the Defendant's motion must be granted and Plaintiffs' Complaint must be dismissed. Now, therefore,

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

Plaintiffs' Complaint is dismissed.

Dated this ____ day of March 2016.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on March 30, 2016.*